C. P. LATHROP & CO., INC., AND SOUTHERN SAND & GRAVEL CO., INC., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6603.   Promulgated December 21, 1926.

1. Petitioners were affiliated during the calendar year 1920.

2. In view of the evidence in this proceeding, it is held that the Commissioner was not justified in reducing the allowance claimed by C. P. Lathrop & Co., Inc., for compensation paid to its officers.

*M. W. Cookerow, Esq.*, and *J. McD. Wellford, Esq.*, for the petitioners.

*J. Harry Byrne, Esq.*, for the respondent.

The Commissioner determined a deficiency in income and profits taxes of $3,093.30 against C. P. Lathrop & Co., Inc., for the calendar year 1920, and that company instituted this proceeding within sixty days after the mailing of the notice of deficiency. By consent of the parties the Southern Sand & Gravel Co., Inc., was made a petitioner to the proceeding.

Petitioners claim that the Commissioner erred in holding that they were not affiliated within the meaning of section 240 (b) of the Revenue Act of 1918, and in disallowing as a deduction $15,000 of a total of $50,500 paid as compensation for officers.

### FINDINGS OF FACT.

Petitioners are Virginia corporations with principal office at Richmond. C. P. Lathrop & Co., Inc., was engaged in purchasing and selling at wholesale and retail builders' supplies of all kinds except hardware.

The business was commenced by C. P. Lathrop, Sr., about 1865, and for about thirty years prior to incorporation on April 8, 1920, the business was carried on in partnership with James D. Patton, Sr. During a period of several years prior to incorporation C. P. Lathrop, Jr., and C. B. Lathrop, sons of C. P. Lathrop, Sr., were also partners.

The Southern Sand & Gravel Co., Inc., incorporated in 1911, was engaged in the production of sand and gravel and its product was sold exclusively by C. P. Lathrop & Co., Inc. The Southern Sand & Gravel Co., Inc., was separately incorporated for bookkeeping purposes, in order to segregate the costs of materials and expenses incurred. The entire production of the Southern Sand & Gravel Co., Inc., has always been sold by C. P. Lathrop & Co., Inc., and the

officers of the latter managed the affairs of the Southern Sand & Gravel Co., Inc., conducted its policies, purchased its supplies, and selected its employees. The officers of C. P. Lathrop & Co., Inc., were also officers of the Southern Sand & Gravel Co., Inc. The plant and land of the Southern Sand & Gravel Co., Inc., were turned over to it by the Lathrop family, who were the principal owners of C. P. Lathrop & Co., Inc., for all of its capital stock. Twenty-five shares were later sold to James D. Patton, Sr., and 10 shares to J. D. Patton, Jr. To all intents and purposes the Southern Sand & Gravel Co., Inc., has always been conducted as a branch of C. P. Lathrop & Co., Inc.

During the taxable year 1920 the common voting stock of these corporations was owned as follows:

| Stockholders. | C. P. Lathrop & Co., Inc. | | Southern Sand & Gravel Co., Inc. | |
|---|---|---|---|---|
| | No. of shares. | Per cent. | No. of shares. | Per cent. |
| C. P. Lathrop, Sr | 750 | 30 | 51⅔ | 32. 29 |
| C. P. Lathrop, Jr | 750 | 30 | 46⅔ | 29. 16 |
| C. B. Lathrop | 750 | 30 | 26⅔ | 16. 7 |
| Jas. D. Patton, Jr | 100 | 4 | 10 | 6. 3 |
| C. N. Stutz | 75 | 3 | | |
| Edward McCurley | 50 | 2 | | |
| Branch Barksdale | 25 | 1 | | |
| Jas. D. Patton, Sr | | | 25 | 15. 6 |
| Total | 2, 500 | 100 | 160 | 100 |

Upon incorporation of C. P. Lathrop & Co., Inc., in April, 1920, C. P. Lathrop, Sr., his two sons, and Jas. D. Patton, Sr., turned over their partnership interests to the corporation for stock, the common stock being taken by the Lathrops and 650 shares of preferred stock, being the total issued and outstanding preferred stock at that time, were issued to Jas. D. Patton, Sr. Shortly after incorporation certain shares of common stock of C. P. Lathrop & Co., Inc., were sold to Jas. D. Patton, Jr., C. N. Stutz, Edward McCurley, and Branch Barksdale, employees, for which they gave their notes and turned the stock back to the corporation to be held until the notes were paid. These notes were not paid during 1920. These individuals voted the stock during the time it was so held by the corporations. The stock in both companies, other than that issued to the Lathrops, was issued to the persons named on condition that if they should desire to relinquish it they would first offer to sell it to the Lathrops or to the corporation.

C. P. Lathrop, Sr., and his two sons were president, vice president, and treasurer, respectively, of both corporations. Jas. D. Patton, Jr., was made secretary of C. P. Lathrop & Co., Inc., some time during 1920. C. P. Lathrop, Sr., was the active head of the business and the prime mover in all of the affairs of both corporations. He personally indorsed all notes of the corporation for money borrowed. The gross business of C. P. Lathrop & Co., Inc., for 1920 was in excess of $800,000. At the date of incorporation C. P. Lathrop & Co., Inc., authorized a drawing account of $1,000 a month each for C. P. Lathrop, Sr., president, and C. P. Lathrop, Jr., vice president, and $300 a month for Jas. D. Patton, Jr., secretary. It was the avowed purpose of the corporation at the time to adjust the officers' salaries during the year to conform to the judgment of the directors as to the value of the services rendered to the corporation. During the year 1920 officers' salaries were determined, entered upon the books, and paid without regard to stockholdings, as follows:

| | |
|---|---:|
| C. P. Lathrop, Sr., president | $15,000 |
| C. P. Lathrop, Jr., vice president | 15,000 |
| C. B. Lathrop, treasurer | 15,000 |
| Jas. D. Patton, Jr., secretary | 5,500 |
| Total | 50,500 |

This amount was claimed as a deduction by C. P. Lathrop & Co., Inc., in its return for 1920. The Commissioner disallowed $15,000 of the amount as a deduction.

The Southern Sand & Gravel Co., Inc., paid salaries only to C. P. Lathrop, Sr., president, and C. P. Lathrop, Jr., vice president, in the amount of $5,000 each. It reported a loss of approximately $6,000 for the year 1920.

C. P. Lathrop, Jr., assisted his father generally in the management of the corporations and he was also the principal salesman of the business. C. B. Lathrop and Jas. D. Patton, Jr., in addition to their duties as treasurer and secretary, respectively, were engaged exclusively as salesmen of the company's product. The officers and salesmen of the corporation bore their own expenses without reimbursement, and considerable amounts were expended by them in promoting the interests of the corporation and in selling its product. C. B. Lathrop had been with the business since 1904; C. P. Lathrop, Jr., since 1905. Jas. D. Patton, Sr., who had been a partner for about 30 years, withdrew from active participation in the business shortly before incorporation. He was paid no salary by either corporation. Jas. D. Patton, Jr., had been with the business since 1910. Edward McCurley was bookkeeper and C. N. Stutz was employed in the lumber department.

The officers whose salaries are here in controversy devoted their entire time to the business. C. P. Lathrop & Co., Inc., reported a net income for 1920, after payment of officers' salaries, of $20,000.

### OPINION.

LITTLETON: Upon consideration of the evidence submitted, we are of opinion that the stockholders of C. P. Lathrop & Co., Inc., owned or controlled all the stock of the Southern Sand & Gravel Co., Inc., during the calendar year 1920.

In the deficiency notice mailed to C. P. Lathrop & Co., Inc., the Commissioner gave no reason for reducing the allowance for officers' salaries for 1920 from $50,500 to $35,500. Presumably, he thought that the total of the salaries paid by the corporation to its officers was unreasonable in amount. The Board is of the opinion from the evidence submitted in this proceeding that the Commissioner was not justified under the statute in reducing the deduction claimed by the corporation for compensation of its officers. The success of the business was due primarily to the services rendered by them; they devoted their entire time and efforts in the interest of the corporation. The entire responsibility of the management and the matter of profitableness of operations rested upon them.

The greater portion of the corporation income was due to their efforts. They were put to considerable personal expense in selling the corporation's product in the face of keen competition, for which they were not reimbursed by the corporation. The officers had been with the business for a number of years, were experienced and capable men in this line, and were well acquainted with the persons and concerns, both large and small, having need for the material which the corporation was selling. All of this resulted in the corporation being one of the largest builders' supplies concerns in its territory. There is no indication that the salaries paid constituted a distribution of profits in the guise of compensation; in fact the evidence is to the contrary. In view of these facts, the Board is of the opinion that the Commissioner was not justified in reducing the deduction claimed by the corporation for compensation of officers, and his action in this regard is reversed.

*Judgment will be entered on 15 days' notice, under Rule 50.*